IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | ) | C/A NO:  2:21-cv-1932-RMG |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | **COMPLAINT** |
| | ) | |
| DANIEL ISLAND RIVERSIDE | ) | |
| DEVELOPERS, LLC, CARRIAGE HILL | ) | |
| ASSOCIATES OF CHARLESTON, LLC, | ) | |
| ROBERT BEHRINGER, DI ASSOCIATES, | ) | |
| LLC, AND THE OAKS AT RIVERSIDE | ) | |
| NORTH PROPERTY OWNERS | ) | |
| ASSOCIATION, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

COMES NOW MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), Plaintiff, in the above-styled action, seeking declaratory relief to determine the rights of the parties to one or more insurance contract(s), and shows this Court the following:

**PARTIES AND JURISDICTION**

1.      At all times material hereto, Mt. Hawley is an entity organized under the laws of the State of Illinois with its principal place of business in the State of Illinois.

2.      Mt. Hawley is informed, and upon its information and belief DANIEL ISLAND RIVERSIDE DEVELOPERS, LLC ("DIRD") is a limited liability company organized and existing pursuant to the laws of South Carolina with its principal place of business in Berkeley County, South Carolina.

3.      Upon Mt. Hawley's information and belief DIRD has no members who are citizens of the State of Illinois.

4.      Mt. Hawley is informed, and upon its information and belief, CARRIAGE HILL ASSOCIATES OF CHARLESTON, LLC ("CHAC") is a limited liability company organized and

Complaint of Mt. Hawley Insurance Company

existing pursuant to the laws of the State of South Carolina with its principal place of business in Berkeley County, South Carolina.

5.     Upon Mt. Hawley's information and belief no members of CHAC are citizens of the State of Illinois.

6.     Mt. Hawley is informed, and upon its information and belief, Robert Behringer ("Behringer") is a citizen of the State of South Carolina.

7.     Upon Mt. Hawley's information and belief, Behringer is not a citizen of the State of Illinois.

8.     Mt. Hawley is informed, and upon its information and belief DI ASSOCIATES, LLC ("DIA") is a limited liability company organized and existing pursuant to the laws of the State of South Carolina; its principal place of business is in Berkeley County South Carolina.

9.     Upon information and belief DIA has no members who are citizens of the state of Illinois.

10.     Upon information and belief, THE OAKS AT RIVERSIDE NORTH PROPERTY OWNERS ASSOCIATION, INC. ("North HOA"), is a corporation organized and existing pursuant to the laws of the State of South Carolina and conducts business in whole or in part at all times relevant hereto in Berkeley County, South Carolina and is comprised of the current owners of real property located in Berkeley County.

11.     DIA and the North HOA are not listed as insureds on the policies at issue in this declaratory judgment action, but upon information and belief may have an interest in the declaration sought.

12.     There is a real, substantial, and justiciable controversy between the parties concerning their relationship with respect to insurance coverage.

Complaint of Mt. Hawley Insurance Company

13.    This matter is brought pursuant to Rule 57, *FRCP*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

14.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Mt. Hawley and the Defendants the matter and, upon information and belief, the amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00) because Mt. Hawley's potential coverage limits and the possible claims being asserted against DIRD, CHAC and Behringer are in excess of that amount.

15.    Venue is proper in this district pursuant to 28 § U.S.C. 1391 (a) because the Project and all events giving rise to the possible claims against DIA and CHAC occurred in this judicial district.

## ISSUANCE OF THE POLICIES

16.    CHAC contacted the Robert P. Brady Agency, Inc. ("Brady Agency") for the purpose of securing insurance for its business.

17.    CHAC and/or its principals had a long-standing relationship with the Brady Agency.

18.    The Brady Agency contacted Burns & Wilcox, Ltd., ("Burns & Wilcox") to broker the desired coverage.

19.    At no time have either the Brady Agency or Burns & Wilcox been an agent of Mt. Hawley.

20.    On or about January 14, 2005, Mt. Hawley issued a quote for a policy of insurance for CHAC to Burns & Wilcox (hereinafter "2005 Quote Letter"). A copy of the 2005 Quote Letter is attached hereto as **<u>Exhibit A</u>**.

21.    Pursuant to a binder dated January 20, 2005, attached hereto as **<u>Exhibit B</u>**

Complaint of Mt. Hawley Insurance Company

(hereinafter "2005 Binder") general liability coverage was bound pursuant to the 2005 Quote Letter.

22.    Mt. Hawley issued policy MCF0002074 (eff. 01/20/05 to 01/20/06) (hereinafter the "05-06 Policy") to CHAC, a certified copy of which is attached hereto as **Exhibit C**.

23.    On or about February 1, 2006, Mt. Hawley issued a quote for a policy of insurance for CHAC to Burns & Wilcox (hereinafter "2006 Quote Letter").  A copy of the 2006 Quote Letter is attached hereto as **Exhibit D**.

24.    Pursuant to a binder dated February 10, 2006, attached hereto as **Exhibit E** (hereinafter "2006 Binder") general liability coverage was bound pursuant to the 2006 Quote Letter.

25.    Mt. Hawley issued policy MCF0002448 (eff. 02/08/06 to 02/08/07) (hereinafter the "06-07 Policy") to CHAC, a certified copy of which is attached hereto as **Exhibit F**.

26.    On or about January 16, 2007, Mt. Hawley issued a quote for a policy of insurance for CHAC to Burns & Wilcox (hereinafter the "2007 Quote Letter").  A copy of the 2007 Quote Letter is attached hereto as **Exhibit G**.

27.    Pursuant to a binder dated February 8, 2007, attached hereto as **Exhibit H** (hereinafter "2007 Binder") general liability coverage was bound pursuant to the 2007 Quote Letter.

28.    Mt. Hawley issued policy MCF0004519 (eff. 02/08/07 to 02/08/08) (hereinafter "07-08 Policy"), to CHAC a certified copy of which is attached as **Exhibit I**.

29.     On or about February 6, 2008, Mt. Hawley issued a quote for a policy of insurance for CHAC to Burns & Wilcox (hereinafter the "2008 Quote Letter").  A copy of the 2008 Quote Letter is attached hereto as **Exhibit J**.

Complaint of Mt. Hawley Insurance Company

30.    Pursuant to a binder dated February 7, 2008, attached hereto as **Exhibit K** (hereinafter "2008 Binder") general liability coverage was bound pursuant to the 2008 Quote Letter.

31.    Mt. Hawley issued policy MCF0004779 (eff. 02/08/08 to 02/08/09) (hereinafter "08-09 Policy"), to CHAC and/or DIRD a certified copy of which is attached as **Exhibit L**.

32.    On or about January 13, 2009, Mt. Hawley issued a quote for a policy of insurance for CHAC by and through Burns & Wilcox (hereinafter the "2009 Quote Letter").  A copy of the 2008 Quote Letter is attached hereto as **Exhibit M**.

33.    Pursuant to a binder dated February 9, 2009, attached hereto as **Exhibit N** (hereinafter "2009 Binder") general liability coverage was bound pursuant to the 2009 Quote Letter.

34.    Mt. Hawley issued policy MCF0004913 (eff. 02/08/09 to 05/01/09) (hereinafter "09 Policy") to CHAC and/or DIRD, a certified copy of which is attached as **Exhibit O**.

35.    Per a Change Endorsement the 09 Policy was cancelled on May 1, 2009 (**Exhibit P**).

36.    The 06-07 Policy, the 07-08 Policy, the 08-09 Policy, and the 09 Policy may be referred to collectively herein as the "06-09 Policies."

37.    The 05-06 Policy, 06-07 Policy, the 07-08 Policy, the 08-09 Policy, and the 09 Policy may be referred to collectively herein as the "Mt. Hawley Policies."

### THE REAL PROPERTY AND LITIGATION AT ISSUE

38.    Upon information and belief, on or about May 27, 2021, the North HOA filed a civil action captioned, *The Oaks at Riverside North Property Owners Association, Inc. v. Daniel Island Riverside Developers, LLC, et al.*, Case No. 2021-CP-10-02453 in the Charleston County

Complaint of Mt. Hawley Insurance Company

Court of Common Pleas in South Carolina (hereinafter, the "North HOA Lawsuit").  A copy of the Complaint in the North HOA Lawsuit (hereinafter, the "North HOA Complaint") is attached hereto as **Exhibit Q.**

39.     The North HOA Lawsuit alleges damages related to deficiencies in the construction of improvements to real property owned by the North HOA, specifically "one (1) building containing nine (9) residential condominium units[;] [t]he building, condominiums, common elements and limited common elements are   hereinafter referred to collectively as "Oaks at Riverside North." (hereinafter referred to in this complaint as the "North Building") **(Exhibit Q, ¶ 3)**.

40.     The North Building is located at 134 Fairbanks Oak Aly[sic].

41.     The City of Charleston issued permits for construction of some portion or all of the North Building, including but not necessarily limited to those attached hereto as **Exhibit R.**

42.     The Permits attached as **Exhibit R** identify the contractor as "Carriage Hill Associates of Charleston."

43.     No permits for the construction of the North Building were issued before May 17, 2006.

44.     Construction of the North Building did not begin until after January 20, 2006.

45.     A second building was also constructed at 108 Fairbanks Oak Aly[sic], referred to herein as the "South Building."

46.     The City of Charleston issued permits for construction of the South Building which are attached as **Exhibit S**.

47.     These permits also identify CHAC as the "Contractor."  Id.

Complaint of Mt. Hawley Insurance Company

48.     No permits for the construction of the South Building were issued prior to August 4, 2006. Id.

49.     The North HOA Complaint alleges that DIRD jointly with DIA "developed, marketed and sold the individual condominium units contained in the [North Building] to members of the public." **(Exhibit Q, ¶11).**

50.     The North HOA Complaint alleges that CHAC served as the "general contractor for the construction of the [North Building] as well as the general contractor for the recent failed repair attempts." **(Exhibit Q, ¶21).**

51.     The North HOA Complaint alleges that Behringer was "the sole member of [CHAC] and that he [held a position of trust and confidence on the Board of Directors for the [HOA]. **(Exhibit Q, ¶17-18).**

52.     The North HOA Complaint alleges that Behringer is a member of CHAC**. (Exhibit Q., ¶17).**

53.     Two separate owners' associations have been formed:  The Oaks at Riverside South Property Owners, Inc. ("South HOA") for the South Building and North HOA for the North Building.

## COVERAGE LITIGATION INVOLVING SOUTH BUILDING

54.     On or about January 14, 2019, the South HOA filed a civil action captioned, *The Oaks at Riverside South Property Owners Association, Inc. v. DI Associates, LLC and John Doe Contractors and Subcontractors.*, Case No. 2019-CP-08-00092 in the Berkeley County Court of Common Pleas in South Carolina (hereinafter, the "South HOA Lawsuit").  A copy of the Complaint in the South HOA Lawsuit (hereinafter, the "South HOA Complaint") is attached hereto as **Exhibit T**.

55.    The South HOA Lawsuit alleges claims for damage to property at the South Building.

56.    On or about August 27, 2019, DIA filed a civil action against CHAC captioned *DI Associates, LLC v. Carriage Hill Associates of Charleston, LLC*, Case No. 2019-CP-08-02124 in the Berkeley County Court of Common Pleas in South Carolina (hereinafter, the "DIA Lawsuit"). A copy of the Complaint in the DIA Lawsuit (hereinafter, the "DIA Complaint") is attached hereto as **Exhibit U**.

57.    The DIA Lawsuit alleged claims for damage to property at both the South Building and the North Building.

58.    On September 10, 2019, Mt. Hawley initiated a declaratory judgment action in this District Court captioned *Mt. Hawley Insurance Company vs. Carriage Hill Associates of Charleston, LLC*, C/A No. 2:19-cv-02550-RMG (hereinafter the "South HOA/DIA DJ"). A copy of the Amended Complaint in the South HOA/DIA DJ is attached hereto as **Exhibit V**.

59.    In the South HOA/DIA DJ, this District Court issued an order granting Mt. Hawley judgment on the pleadings finding that there is no coverage under the Mt. Hawley Policies for the claims asserted in the South HOA Lawsuit or the DIA Lawsuit for property damage to the South Building and/or the North Building. A copy of the order ("South HOA/DIA Order") is attached hereto as **Exhibit W**.

60.    The South HOA/DIA Order is currently on appeal.

## COUNT I
### (*RES JUDICADA*/COLLATERAL ESTOPPEL)

61.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

Complaint of Mt. Hawley Insurance Company

62.    Mt. Hawley and CHAC have previously litigated the issue of coverage for damage to property resulting from construction defects at the North Building in the South HOA/DIA DJ. **(Exhibit V, generally).**

63.    This District Court has issued the South HOA/DIA Order finding that "the loss for which CHAC seeks coverage – **property damage to the North and South buildings** resulting from defects caused by CHAC's negligent work as a general contractor – is excluded from coverage."    **(Exhibit W, emphasis added).**

64.    The South HOA/DIA Order is a final judgment on the merits.

65.    The South HOA/DIA Lawsuit involved both CHAC and Mt. Hawley.

66.    Behringer is a member of CHAC and DIRD.

67.    DIRD was a developer of both the South Building and the North Building.

68.    The coverage issues in this declaratory judgment action are identical to those in the South HOA/DIA DJ, and those coverage issues were directly determined in the South HOA/DIA Order, specifically the issue of coverage for property damage resulting from defects caused by CHAC's negligent work as a general contractor at the North Building as well as the South Building.

69.    Under the doctrine of *res judicata* and/or collateral estoppel, coverage for CHAC, DIRD and Behringer in the North HOA Lawsuit is also excluded by the ruling in the South HOA/DIA Order.

70.    Mt. Hawley is entitled to a declaration that there is no coverage for the North HOA Lawsuit for CHAC, DIRD or Behringer under the Mt. Hawley Policies.

**COUNT II**
**(NO COVERAGE FOR DIRD UNDER 05-06, 06-07, 07-08)**

Complaint of Mt. Hawley Insurance Company

71.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

72.    The Mt. Hawley Policies include the following language:

***SECTION II – WHO IS AN INSURED***

*1.  If you are designated in the Declarations as:*

   *...*

*c. A limited liability company you are an insured.*

**(Exhibits C, F, and I).**

73.    DIRD is not designated in the Declarations of the 05-06, 06-07, or 07-08 Policies.

74.    Mt. Hawley is entitled to a declaration that there is no coverage, specifically no duty to defend or indemnity, DIRD for the North HOA Lawsuit under the 05-06, 06-07, and 07-08 Policies.

## COUNT III
## (NO PROPERTY DAMAGE DURING 05-06 POLICY PERIOD)

75.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein

76.    The Insuring Agreement in the Mt. Hawley Policies provide in relevant part:

*1.  Insuring Agreement*

*We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"* [1] *to which this insurance applies.  We will have the right an duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

---

[1] "*Property damage*" is defined by all of the policies as
   *a.  Physical injury to tangible property; including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
   *b.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

Complaint of Mt. Hawley Insurance Company

...

*b. This insurance applies to "bodily injury" and "property damage" only if:*

*(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*

*(2) The "bodily injury" or "property damage"* **occurs during the policy period.** (emphasis added)

**(Exhibit C).**

77.     The 05-06 Policy expired on January 20, 2006.

78.     No permits for the construction of the North Building were issued before May 17, 2006 **(Exhibit R)**.

79.     Construction of the North Building did not begin before January 20, 2006.

80.     Construction of the North Building did not begin until after the expiration of the 05-06 Policy[2].

81.     Because construction of the North Building did not begin until after the expiration of the 05-06 Policy, under the language of the Insuring Agreement in the 05-06 Policy, there is no potential for coverage for any of the damages claimed in the South HOA Lawsuit under the 05-06 Policy.

82.     Mt. Hawley is entitled to a declaration that there is no coverage, including no duty to defend or indemnity CHAC, DIRD, or Behringer, for the North HOA Lawsuit under the 05-06 Policy.

**COUNT IV**
**(Exhaustion of the 05-06 Policy)**

---

[2] To any extend it is argued that the South Building and the North Building are one project, no permits were issued for the South Building prior to August 4, 2006 and therefore no work could have begun on the South Building prior to January 20, 2006.  **(Exhibit S.)**

Complaint of Mt. Hawley Insurance Company

83.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

84.    The applicable aggregate limit of coverage for the 05-06 Policy has been exhausted by payment of judgment and/or settlement.

85.    Mt. Hawley is entitled to a declaration that it has no duty to defend or indemnity DIRD, CHAC and/or Behringer under the 05-06 Policy.

## COUNT V
### (ALLOCATON OF COVERED VS. NON-COVERED DAMAGES)

86.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

87.    The North HOA Lawsuit does not allege when the damage complained of at the North Building first began.

88.    Some or all of the damages complained of in the North HOA Lawsuit did not occur until after the expiration of one or more of the 06-09 Policies and may have occurred prior to the issuance of the 06-09 Policies.

89.    The language of the Insuring Agreement in the 06-09 Policies provide in relevant part:

> 2.  1.  *Insuring Agreement*
>
> *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"* [3] *to which this insurance applies.  We will have the right an duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

---

[3] "*Property damage*" is defined by all of the policies as
    c.  *Physical injury to tangible property; including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
    d.  *Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

Complaint of Mt. Hawley Insurance Company

> ...
>
> *b. This insurance applies to "bodily injury" and "property damage" only if:*
>
> *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*
>
> *(2) The "bodily injury" or "property damage" **occurs during the policy period.*** (emphasis added)

**(Exhibits F, I, L and O).**

90.     To the extent that damage arose before the inception or after the expiration of one or any of the 06-09 Policies, there is no potential for coverage of the damage under that policy for CHAC, DIRD and/or Behringer.

91.     Mt. Hawley has no obligation to indemnify damage that is not covered by the terms, conditions, endorsements and language of the 06-09 Policies.

92.     Mt. Hawley is entitled to an allocation as to: (1) what property damaged occurred to the North Building, if any; (2) whether any insurance provided under the 06-09 Policies applies to that property damage;  and (3) when that damage occurred to determine what damage occurred during the Mt. Hawley Policy periods, if any.

93.     Mt. Hawley is also entitled to a declaration that it has no duty to indemnify with respect to damage that did not occur during the policy periods of the 06-09 Policies or for property damage to which the 06-09 Policies do not apply.

**COUNT VI**
**(EXCLUDED PROPERTY DAMAGE- Exclusion h(5))**

94.     Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

95.     The 06-09 Policies contain certain exclusions including but not limited to the following:

Complaint of Mt. Hawley Insurance Company

*2. Exclusions*

*This Insurance does not apply to:*

*h. Damage to Property*

*"Property damage" to:*

*(5)  That part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf have performed or are performing operations, if the "property damage" arises out of those operations;*

**(Exhibits F, I, L and O).**

96.    The claims set forth in all causes of action the North HOA Complaint alleged against DIRD seek damages for damage to real property where DIRD has performed operations as a developer and where contractors or subcontractors working directly or indirectly on behalf of DIRD have performed operations, specifically the North Building.

97.    The claims set forth in all causes of action against CHAC in the North HOA Complaint seek damages for damage to real property where CHAC, as the general contractor, or its contractors or subcontractors working directly or indirectly on its behalf have performed operations, specifically the North Building.

98.    Based upon the allegations of the North HOA Complaint and the language in the 06-09 Policies, there is no potential for coverage for CHAC, DIRD or Behringer[4] for any damages alleged in the North HOA Lawsuit.

99.    Mt. Hawley is entitled to a declaration that it has no duty to defend and/or indemnify

---

[4] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
   *1.   If you are designated in the Declarations as:*
      *c. A limited liability company, your are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds,* **but only with respect to their duties as your managers***.*

Complaint of Mt. Hawley Insurance Company

DIRD, CHAC or Behringer with respect to any claim which is or may be asserted in the North

HOA Lawsuit.

## COUNT VII
## (YOUR WORK EXCLUSION – Exclusion h(6))

100.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were

fully set forth verbatim herein.

101.    Each of the 06-09 Policies contains certain exclusions including but not limited to

the following:

> *2. Exclusions*
>
> *This Insurance does not apply to:*
>
> *h. Damage to Property*
>
> *"Property damage" to:*
>
> *(6)  Any property that must be restored repaired or replaced because "your work" was incorrectly performed."*
>
> **(Exhibits F, I, L and O).**

102.    "Your work" is defined by all of the 06-09 Policies as meaning (1) Work or

operations performed by you **or on your behalf**, including but not limited to work by contractors

or subcontractors directly or indirectly on your behalf and (2) materials, parts or equipment

furnished in connection with such work or operations; and includes (1) Warranties or

representations made at any time with respect to the fitness, quality, durability, performance of

"your work" and (2) the providing of or failure to provide warnings or instructions.  (emphasis

added)

103.    The 06-09 Policies further provide, "Paragraph (6) of this exclusion only applies to

Complaint of Mt. Hawley Insurance Company

"property damage" included in the "Products-completed operations hazard."[5]

104.    Because the 06-09 Policies define the "Products-completed operations hazard" to include "Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed," the claims set forth in the North HOA Complaint fall within the "Products-completed operations hazard."

105.    The claims set forth in all causes of action alleged against DIRD in the North HOA Complaint seek damages for property that must be restored, repaired, or replaced because work or operations performed by contractors or subcontractors working directly or indirectly on behalf of DIRD was performed incorrectly and/or because of warranties made by DIRD with respect to the fitness, quality, durability, performance of this work. **(Exhibit Q).**

106.    The claims set forth in all causes of action alleged against CHAC in the North HOA Complaint seek damages for property damage to property that must be restored, repaired or replaced because work or operations performed by CHAC, including but not limited to work by contractors or subcontractors directly or indirectly on CHAC's behalf, was incorrectly performed and/or because of warranties given by CHAC with respect to the fitness, quality, durability, performance of this work. **(Exhibit Q.)**

107.    The North HOA Complaint in the North HOA Lawsuit specifically alleges property damage that falls within the Products-completed operations hazard as defined by the Policy.

---

[5] "*Product-completed operations hazard*" is defined by the policies as:

    *a.   Includes all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product" or "your work" except; (1) Products that are still in your physical possession; (2) Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times; (a) When all of the work called for in your contract has been completed; (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*

Complaint of Mt. Hawley Insurance Company

**(Exhibit Q).**

108.     Exclusion h.(6) expressly excludes from coverage all property damage alleged.

109.     Behringer is only entitled to coverage under the Mt. Hawley Policies with respect to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a member of CHAC and/or DIRD[6].

110.     Based upon the plain language of the North HOA Complaint and the language in the 06-09 Policies, there is no potential coverage for CHAC, DIRD, or Behringer for any damages alleged in the North HOA Lawsuit.

111.     Mt. Hawley is therefore entitled to a declaration that it has no duty to defend and/or indemnify CHAC, DIRD or Behringer with respect to any claim which is or may be asserted in the North HOA Lawsuit.

**COUNT VIII**
**(SOLD PROPERTY EXCLUSION- Exclusion h(2))**

112.     Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

113.     Each of the 06-09 Policies contains certain exclusions including but not limited to the following:

*2.  Exclusions*

*This Insurance does not apply to:*

*h. Damage to Property*

---

[6] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
    *2.  If you are designated in the Declarations as:*
       *c. A limited liability company, your are an insured.  Your members are also insureds, **but only with respect to the conduct of your business**.  Your managers are insureds, **but only with respect to their duties as your managers**.*

Complaint of Mt. Hawley Insurance Company

*"Property damage" to:*

*(2) Premises you sell, give away, or abandon, if the "property damage" arises out of any*

*part of those premises;*

**(Exhibits F, I, L and O).**

114.    DIRD is alleged to have sold the individual condominium units contained in the

North Building.  **(Exhibit Q, ¶ 11).**

115.    DIRD is alleged to have deeded the common elements and limited common

elements to the South HOA.  (Exhibit Q).

116.    Exclusion h.(2) expressly excludes from coverage all property damage alleged as

to DIRD.

117.    Behringer is only entitled to coverage under the Mt. Hawley Policies with respect

to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a member

of CHAC and/or DIRD[7].

118.    Based upon the plain language of the North HOA Complaint and the language in

the 06-09 Policies, there is no potential coverage for DIRD or Behringer for any damages alleged

in the North HOA Lawsuit.

119.    Mt. Hawley is therefore entitled to a declaration that it has no duty to defend and/or

indemnify DIRD or Behringer with respect to any claim which is or may be asserted in the North

HOA Lawsuit.

**COUNT IX**
**(DAMAGE TO/ARISING OUT OF/IN ANY WAY**

---

[7] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
 *3.  If you are designated in the Declarations as:*
  *c. A limited liability company, your are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.*

Complaint of Mt. Hawley Insurance Company

## RELATED TO YOUR WORK – Exclusion j)

120.     Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

121.     The 06-09 Policies contain certain exclusions including but not limited to the following:

> *2. Exclusions*
>
> *This Insurance does not apply to:*
>
> *j. Damage Arising Out of Your Work*
>
> *"Property damage" to "your work" or any other property, arising out of or in any way related to "your work" or any part of it.  This exclusion only applies to "property damage" included in the "products-completed operations hazard[8]."*
>
> **(Exhibits F, I, L and O).**

122.     "Your work" is defined by all of the policies as meaning (1) Work or operations performed by you **or on your behalf**, including but not limited to work by contractors or subcontractors directly or indirectly on your behalf and (2) materials, parts or equipment furnished in connection with such work or operations; and includes (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance of "your work" and (2) the providing of or failure to provide warnings or instructions.  (emphasis added)

---

[8] *"Product-completed operations hazard"* is defined by the policies as:

> *b.  Includes all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product' or "your work" except; (1) Products that are still in your physical possession; (2) Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times; (a) When all of the work called for in your contract has been completed; (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*

Complaint of Mt. Hawley Insurance Company

123.    Because the 06-09 Policies define the "Products-completed operations hazard" to include "Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed," the claims set forth in the North HOA Complaint fall within the "Products-completed operations hazard."

124.    The claims set forth in all causes of action asserted against DIRD in the North HOA Complaint seek damages for property damage to, or arising out of or related to, work or operations performed by contractors working directly or indirectly on behalf of DIRD was performed incorrectly and/or because of warranties made by DIRD with respect to the fitness, quality, durability, performance of this work.

125.    The claims set forth in all causes of action asserted against CHAC in the North HOA Complaint seek damages for property damage to, or arising out of or related to, work or operations performed by performed by or on behalf of CHAC, including but not limited to work by contractors or subcontractors directly or indirectly on CHAC's behalf.

126.    The North HOA Complaint in the North HOA Lawsuit specifically alleges property damage that falls within the Products-completed operations hazard as defined by the Policy.

127.    Exclusion j expressly excludes from coverage all property damage alleged.

128.    Behringer is only entitled to coverage under the Mt. Hawley Policies with respect to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a member of CHAC and/or DIRD[9].

129.    Based upon the plain language of the North HOA Complaint and the language in

---

[9] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
    *4.    If you are designated in the Declarations as:*
        *c. A limited liability company, your are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.*

Complaint of Mt. Hawley Insurance Company

the 06-09 Policies, there is no potential coverage for CHAC, DIRD, or Behringer for any damages alleged in the North HOA Lawsuit.

130.    Mt. Hawley is therefore entitled to a declaration that it has no duty to defend and/or indemnify CHAC, DIRD or Behringer in the North HOA Lawsuit.

## COUNT X
### (DIRECTOR OR OFFICERS EXCLUSION)

131.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

132.    The 06-09 Policies include the following exclusion:

***Director or Officers***

*Any wrongful act, error or omission by any insured arising out of their position as a director or officer of any organization.*

**(Exhibits F, I, L and O).**

133.    The North HOA Complaint alleges a cause of action for breach of fiduciary duty against Behringer as a board member of the Association for the Oaks at Riverside North.

134.    The claim for breach of fiduciary duty in the North HOA Complaint is barred by the Director or Officers exclusion in the 06-09 Policies.

135.    The North HOA Complaint alleges other claims against Behringer as a director or officer of DIRD, CHAC and/or the North HOA.

136.    Mt. Hawley is entitled to a declaration that it has no duty to defend and/or indemnify Behringer for any award made pursuant to the breach of fiduciary cause of action or any claim made against him as a director or officer of any organization in the North HOA Lawsuit.

## COUNT XI
### (BREACH OF CONTRACT EXCLUSION)

Complaint of Mt. Hawley Insurance Company

137.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

138.    The 06-09 Policies includes the following exclusion:

**Breach of Contract**

*Any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury," including the duty to defend such claim or "suit," arising directly or indirectly out of the following:*

*1. Breach of express or implied contract;*

*2. Breach of express or implied warranty;*

(hereinafter, the "Breach of Contract Exclusion").

**(Exhibits F, I, L and O).**

139.    All claims asserted against CHAC or DIRD in the North HOA Lawsuit because all claims arise directly or indirectly out of a breach of contract and/or breach of warranty.

140.    Behringer is only entitled to coverage under the Mt. Hawley Policies with respect to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a matter of CHAC and/or DIRD[10]

141.    Based upon the plain language of the North HOA Complaint, and the language in the Mt. Hawley 06-09 Policies, there is no potential coverage for CHAC, DIRD and/or Behringer for any portion of the loss alleged in the HOA Lawsuit or the DIA Lawsuit.

142.    Mt. Hawley is therefore entitled to a declaration that it has no duty to defend and/or indemnify CHAC, DIRD or Behringer in the North HOA Lawsuit.

## COUNT XII

---

[10] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
    *1. If you are designated in the Declarations as:*
    *c. A limited liability company, your are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*

Complaint of Mt. Hawley Insurance Company

## (CONTRACTOR'S CONDITIONS OF COVERAGE)

143.  Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

144.  The 06-09 Policies each contain an endorsement entitled "Construction Project – Conditions of Coverage" (hereinafter "Conditions of Coverage").

145.  The Conditions of Coverage in the 06-09 Policies read as follows:

> *It is hereby understood and agreed that conditions of coverage under this policy are:*
>
> 1. *Insured will obtain certificates of insurance with limits of liability equal to or greater than those provided by this policy from subcontractors prior to commencement of any work performed for the insured.*
> 2. *Insured will confirm that the subcontractors' insurance policies are valid and have not been cancelled prior to commencement of any work by the subcontractors performed for the insured.*
> 3. *Insured warrants that it will obtain written hold harmless agreements from subcontractors indemnifying against all losses from the work performed for the insured by any and all subcontractors.*
> 4. *Insured warrants that it has confirmed or will confirm that it is named as additional insured on all subcontractors general liability policies.*
> 5. *Insured warrants that it has given or will give notice of claim to all "potential insurers" as soon as practicable.*
>
> *"Potential insurers" means all insurance companies who may be obligated to defend the insured as either a named insured or an additional insured. "Potential insurers" includes the insurers of all subcontractors who were contractually obligated to name the insured as an additional insured on their own insurance policy(ies).*
>
> *In the event the insured fails to comply with the above conditions for a subcontractor whose work directly or indirectly gives rise to a claim, coverage for such claim will be voided under this policy. Insured agrees that we need not demonstrate any prejudice to us in order to enforce these conditions of coverage.*
>
> *Nothing herein contained shall be held to vary, alter, waive or extend any of the terms of the conditions, provisions, agreements or limitations of the above mentioned policy, other than as above stated.*

**(Exhibits F, I, L and O).**

Complaint of Mt. Hawley Insurance Company

146.    Mt. Hawley is informed and upon information and belief, DIRD and CHAC have failed to comply with these conditions, specifically but not limited to their failure to be named as additional insureds on the general liability policies of all subcontractors whose work is alleged to give rise to the claims in the North HOA Lawsuit.

147.    Behringer is only entitled to coverage under the Mt. Hawley Policies with respect to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a member of CHAC and/or DIRD[11]

148.    To the extent that CHAC and/or DIRD has failed to comply with the Conditions of Coverage as set forth in the 06-09 Policies the coverage for this claim is voided under the 06-09 Policies and therefore there is no potential for coverage for the loss set forth in the North HOA Lawsuit.

149.    Mt. Hawley is therefore entitled to a declaration that it has no duty to defend and/or indemnify CHAC, DIRD or Behringer in the North HOA Lawsuit.

## COUNT XIII
## (CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION)

150.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

151.    The 06-09 Policies each contain the following exclusion:

***ADDITIONAL EXCLUSIONS APPLICABLE TO COVERAGES A, B, AND C***

*This insurance does not apply to:*

---

[11] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
     *1.    If you are designated in the Declarations as:*
*c. A limited liability company, your are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.*

Complaint of Mt. Hawley Insurance Company

### Continuous or Progressive Injury and Damage

*This insurance does not apply to any damages because of or related to "bodily injury," "property damage," or "personal and advertising injury":*

    *(a) Which first existed, or alleged to have first existed, prior to the inception date of this policy; or*
    *(b) Which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury," "property damage," or "personal and advertising injury" continues during this policy period; or*
    *(c) Which were caused, or alleged to have been caused, by the same condition which resulted in "bodily injury," "property damage," or 'personal and advertising injury" which first existed prior to the inception date of this policy.*

*We shall have no duty to defend any insured against any loss, claim, "suit," or other proceeding alleging damages arising out of or related to "bodily injury," "property damage," or "personal and advertising injury" to which this provision applies.*

**(Exhibits F, I, L and O).**

152.    The North HOA Complaint alleges that property damage to the North Building is a direct and proximate result of defects and deficiencies in the original construction, investigation, and attempted repairs of the North Building. (**Exhibit Q, ¶ 44**).

153.    The North HOA Complaint alleges that the North Building contained latent defects at the time the certificates of occupancy were issued.  (**Exhibit Q ¶ 44**).

154.    The North HOA Complaint alleges that the latent construction defects resulted in continual exposure to the same generally harmful conditions over time in the form of repeated injurious events that occurred each and every year.  (**Exhibit Q, ¶ 50**).

155.    If damage alleged in the HOA Lawsuit began during one of the Mt. Hawley Policy Periods, then the damage alleged in these lawsuits would be excluded under all subsequent policies by the Continuous or Progressive Damage Exclusion and therefore only one policy issued by Mt.

Complaint of Mt. Hawley Insurance Company

Hawley could provide coverage for the HOA Lawsuit, subject to all other terms and conditions.

156.    If damage alleged in the North HOA Lawsuit began during the 05-06 Policy, the 06-07 Policy, or the 07-08 Policy Periods, then the damage alleged in these North HOA Lawsuit would be excluded under the 08-09 Policy and the 09 Policy by the Continuous or Progressive Damage Exclusion and therefore there would be no coverage for DIRD, who is only named as an insured on the 08-09 Policy and the 09 Policy.

157.    Behringer is only entitled to coverage under the Mt. Hawley Policies with respect to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a matter of CHAC and/or DIRD.[12]

158.    Mt. Hawley is entitled to a declaration that it has no duty to defend and/or indemnify DIRD (and/or Behringer to the extent of the conduct of DIRD's business or with respect to his duties as an officer of DIRD) in the North HOA Lawsuit.

159.    Mt. Hawley is entitled to a declaration that and that its duty to indemnity CHAC and Behringer is limited to one Policy Year.

## COUNT XIV
## (VIOLATION OF FRAUDULENT CONVEYANCES ACT NOT COVERED)

160.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

161.    The sixth cause of action alleges a claim against CHAC for "Violation of the Fraudulent Conveyances Act."  (Exhibit Q, ¶97-103).

162.    In this claim the South HOA seeks to void or transfer conveyance of assets by

---

[12] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
      *2.    If you are designated in the Declarations as:*
*c. A limited liability company, your are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.*

Complaint of Mt. Hawley Insurance Company

CHAC.

163.    This claim does not allege "property damage" or "bodily injury" caused by an "occurrence" as defined by the Insuring Agreements of the Mt. Hawley Policies and therefore this claim does not fall within the scope of the Insuring Agreements of the Mt. Hawley Policies.  (*See* Count IV herein above, which is incorporated by reference).

164.    This claim also alleges the wrongful act by a director or officer of an organization which would be excluded by the Director or Officers exclusion. (*See* Count VIII herein above, which is incorporated by reference).

165.    Behringer is only entitled to coverage under the Mt. Hawley Policies with respect to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a matter of CHAC and/or DIRD[13]

166.    Mt. Hawley is entitled to a declaration that it has no duty to defend or indemnity the CHAC or Behringer for Violations of. The Fraudulent Conveyances Act.

## COUNT XV
### (OTHER EXCLUSIONS AND CONDITIONS IN 05-06 POLICY)

167.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

168.    The 05-06 Policy includes the same insuring agreement found in the 06-09 Policies which provides coverage only for property damage occurring in the policy period, if any.

169.    Mt. Hawley is entitled to a finding and/or allocation as to what damage, if any occurred during the 05-06 Policy.

---

[13] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
     *3.   If you are designated in the Declarations as:*
*c. A limited liability company, your are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.*

Complaint of Mt. Hawley Insurance Company

170.    The 05-06 Policy includes exclusions and conditions that are identical or similar to Exclusion h.(5), h.(6), h(1) and j., the Breach of Contract Exclusion, the Director and Officer Exclusion, the Continuous or Progressive Injury and Damage Exclusion in the 06-09 Policies which would also preclude coverage for the CHAC, DIRD and Behringer in the North HOA Lawsuit.

171.    To the extent that CHAC and/or DIRD have failed to comply with the Conditions of Coverage which are also included in the 05-06 Policy coverage for this claim is voided under the 05-06 Policy and therefore there is no potential for coverage for the loss set forth in the North HOA Lawsuit for CHAC, DIRD and Behringer.

172.    Based upon the plain language of the HOA Amended Complaint and the DIA Complaint, and the language in the 05-06 Policy, there is no potential coverage for CHAC for any portion of the loss alleged in the HOA Lawsuit or the DIA Lawsuit.

173.    Behringer is only entitled to coverage under the 05-06 Policy with respect to the conduct of the business of CHAC and/or DIRD and/or with respect to any duties as a matter of CHAC and/or DIRD[14]

174.    Mt. Hawley is entitled to a declaration that there is no coverage for CHAC, DIRD and Behringer under the 05-06 Policy.

### COUNT XVI
### (RELEASE OF 05-06 thru 08-09 POLICIES)

175.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

---

[14] The Mt. Hawley Policies provide:
*Section II – WHO IS AN INSURED*
    *4.   If you are designated in the Declarations as:*
*c. A limited liability company, your are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.*

Complaint of Mt. Hawley Insurance Company

176.    Mt. Hawley, CHAC and DIRD entered into a *Settlement Agreement and Release* (the "Release") concerning the matter *Daniel Island Riverside Developers, LLC vs. Mt. Hawley Insurance Company, et al.*

177.    The Release is confidential by agreement of the parties and therefore said agreement is not attached to this complaint and may only be filed under seal.

178.    In filing this action Mt. Hawley does not waive the confidentiality agreement contained in the Release.

179.    The terms of the Release bar coverage for the claims asserted in the North HOA Lawsuit against CHAC, DIRD and Behringer under the 05-06 Policy, the 06-07 Policy, the 07-08 Policy, and the 08-09 Policy.

180.    Mt. Hawley is entitled to a declaration that coverage under the 05-06 Policy, the 06-07 Policy, the 07-08 Policy, and the 08-09 Policy has been released.

## RESERVATION OF GROUNDS FOR DENIAL

181.    Mt. Hawley incorporates by reference the above Paragraphs as if the same were fully set forth verbatim herein.

182.    The 05-06 Policy and the 06-09 Policies contain additional terms and conditions which may also limit or exclude Mt. Hawley's obligations under these policies and/or void these policies.

183.    Additional facts may be discovered that may also limit or exclude Mt. Hawley's obligations under these policies and/or void these policies.

184.    Mt. Hawley does not waive the right to assert any additional grounds for the denial of this claim.

WHEREFORE, Plaintiff Mt. Hawley respectfully requests this Honorable Court to declare

Complaint of Mt. Hawley Insurance Company

and enter judgment as follows:

      a.    That there is no potential for coverage of the North HOA Lawsuit under the 05-06 Policy as no damage could have occurred during this policy period.

      b.    That there is no coverage for the loss alleged in the North HOA Lawsuit for CHAC, DIRD or Behringer under the terms and/or conditions of any of the Mt. Hawley 06-09 Policies;

      c.    That Mt. Hawley has no duty to defend or indemnify CHAC, DIRD and/or Behringer in the North HOA Lawsuit;

      d.    That the Mt. Hawley Policies are void as to the claims in the North HOA Lawsuit;

      e.    That claims against the 05-06 Policy, the 06-07 Policy, the 07-08 Policy, and the 08-09 Policy have been released by CHAC and DIRD,

      f.    In the alternative, a finding and/or allocation of damage in the North HOA Lawsuit and a determination of what damage falls within the coverage provided by the Mt. Hawley Policies, if any;

      g.    and

      h.    For such other and further relief as may be deemed appropriate.

Complaint of Mt. Hawley Insurance Company

*s/Allen Leland Dupre*_____
Robert T. Lyles, Jr., (Fed Bar # 3029)
Allen Leland DuPre, Esq. (Fed Bar # 7252)
LYLES & ASSOCIATES, LLC
1037 Chuck Dawley Blvd., STE G100
Mount Pleasant, South Carolina 29464
T: (843) 577-7730
F: (843) 577-7172
ald@lylesfirm.com

**ATTORNEYS FOR PLAINTIFF**
**MT. HAWLEY INSURANCE COMPANY**

CHARLESTON, SC
June 28, 2021